IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ORANGEBURG DIVISION

| | |
|---|---|
| Ami E. Cooner, | ) |
|           Plaintiff, | ) C/A No. 5:11-3387-MBS )  ) |
| vs. | ) ) **O R D E R** |
| Orangeburg County, | ) ) |
|           Defendant. | ) ) |

Plaintiff Ami E. Cooner, represented by counsel, filed a complaint against Defendant Orangeburg County on December 13, 2011, alleging that she was discriminated against because of a disability, in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 1211 et seq. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

On June 26, 2012, Plaintiff's counsel filed a motion to withdraw on the grounds that they had been unable to communicate with Plaintiff. The motion was granted on August 8, 2012. On August 22, 2012, the Magistrate Judge issued an order directing Plaintiff to notify the Office of the Clerk of Court in writing of any address change. The envelope containing Plaintiff's copy of the August 22, 2012 order was returned to the Clerk's Office on August 27, 2012, marked "RETURN TO SENDER - MOVED LEFT NO ADDRESS - UNABLE TO FORWARD."

On August 31, 2012, Defendants filed a motion to dismiss for lack of prosecution. On September 4, 2012, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedures and the possible consequences of failing to respond

adequately. The envelope containing Plaintiff's copy of the Roseboro order was returned to the Clerk's Office on October 1, 2012. On October 12, 2012, the Magistrate Judge issued an order directing Plaintiff to advise the court as to whether she wished to continue with the case and to file a response to Defendant's motion within fourteen days from the date of the order. The envelope containing Plaintiff's copy of the October 12, 2012 order was returned to the Clerk's Office on October 16, 2012.

On October 30, 2012, the Magistrate Judge issued a Report and Recommendation in which she recommended that the within complaint be dismissed for failure to prosecute and that any pending motions be terminated. The envelope containing Plaintiff's copy of the Report and Recommendation was returned to the Clerk's Office on November 6, 2012.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. It appears that Plaintiff no longer wishes to prosecute this action. The within

action is dismissed *with prejudice* pursuant to Rule 41(b) for failure to prosecute.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

November 15, 2012

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**